UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAYNACE C. WILLIAMS,

    Plaintiff,

vs.                                                           Case No. 8:12-CV-699-T-27AEP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation (Dkt. 24) from the Magistrate Judge recommending that the decision of the Commissioner of Social Security be affirmed. Plaintiff timely objected (Dkt. 25), and no response has been filed by the Commissioner. Upon consideration, Plaintiff's objections are SUSTAINED *in part* and the Report and Recommendation (Dkt. 24) is ACCEPTED *in part* and MODIFIED *in part*. The decision of the Commissioner is REVERSED.

### STANDARD

A district court may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). In the absence of specific objections, there is no requirement that factual findings be reviewed *de novo*, and the court may accept, reject or modify, in whole or in part, the findings and recommendations. § 636(b)(1)(C); *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v. McNeil*, 397 Fed. Appx. 554, 556 (11th Cir. 2010) (citing *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982)); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

In a social security case, the district court's standard of review is the same as that of the Eleventh Circuit. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). Courts "may not decide the facts anew, reweigh the evidence, or substitute [their] judgment for that of the [Commissioner]." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). "Rather, [they] must defer to the Commissioner's decision if it is supported by substantial evidence." *Phillips*, 357 F.3d at 1240 n.8. "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth*, 703 F.2d at 1239.

## DISCUSSION

In support of her application for SSI, Plaintiff submitted a Residual Functional Capacity Questionnaire from her treating mental health physician, Dr. Mary Stedman.[1] Dr. Stedman diagnosed Plaintiff with schizophrenia, indicating a "poor" prognosis and that Plaintiff's symptoms would "constantly" interfere with the attention and concentration required to perform simple, work-related tasks (R. 715). Dr. Stedman observed that Plaintiff presents as "isolating paranoid," and that her paranoia would affect her ability to work a regular job on a sustained basis. The accompanying medical notes from examinations of Plaintiff confirm that Dr. Stedman originally diagnosed Plaintiff with paranoia and schizophrenia on July 19, 2010, and has confirmed that diagnosis multiple times (R. 661, 691-92).

In his decision, the ALJ concluded that Dr. Stedman's RFC Questionnaire and diagnosis of schizophrenia were entitled to "little weight" (R. 20). He reasoned that the diagnosis and opinion were entitled to little weight because (1) Plaintiff "was capable [of] performing activities of daily

---

[1] That Dr. Stedman was a "treating" physician within the meaning of § 404.1527(d)(2) is not in dispute.

living without assistance," (2) Plaintiff was "capable of following instructions," (3) Plaintiff "did not seek mental heath treatment until March 26, 2010," and (4) the mental status evaluation of November 30, 2009, performed by Dr. Cecelia Yocum "was essentially normal" (R. 20-21).

On appeal, Plaintiff argued that the ALJ did not afford Dr. Stedman appropriate deference as the treating physician and substituted his own medical diagnosis for that of Dr. Stedman. The Magistrate Judge, in a thorough Report and Recommendation, rejected that argument, concluding that the record, including Dr. Stedman's own treatment notes, does not support a diagnosis of schizophrenia, and the ALJ was therefore not required to afford it controlling weight.  Plaintiff objects to this conclusion, arguing again that the Magistrate Judge did not apply the treating physician rule and that the ALJ improperly substituted his own medical diagnosis for that of Dr. Stedman.

The opinions of treating physicians are afforded "more weight" than other medical sources. 20 C.F.R. § 404.1527(d)(2). "An ALJ must give a treating source opinion concerning the nature and severity of the claimant's impairment controlling weight if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." *Minor v. Comm'r of Social Sec.*, 513 Fed. Appx. 417, 437 (6th Cir. 2013). In other words, the opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips*, 357 F.3d at 1241; *see* 20 C.F.R. § 404.1527(d)(2). "Good cause" exists when the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips*, 357 F.3d at 1241.

"When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons." *Id.* If the ALJ decides not to give a treating physician's opinion controlling weight, the ALJ must nevertheless weigh the medical opinion based on other factors, including "(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence and explanation supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the pertinent medical issues; and (6) other factors that tend to support or contradict the opinion." *Weekley v. Comm'r of Social Sec.*, 486 Fed. Appx. 806, 808 (11th Cir. 2012) (citing § 404.1527(c)). The ALJ "may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional." *Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992).

Despite the extensive analysis of Dr. Stedman's medical notes and the other medical evidence and the thorough and reasoned analysis performed by the Magistrate Judge, I cannot agree that the ALJ "clearly articulated" his reasons for not affording controlling weight to the opinion of Dr. Stedman or that "the record does not support Dr. Stedman's diagnosis of schizophrenia" (Dkt. 24 at 6).

The ALJ does not discuss Dr. Stedman's treatment notes when concluding that Dr. Stedman's opinion is entitled to little weight. Rather, the ALJ apparently based his conclusion on Plaintiff's ability to perform daily activities without assistance, her capability of following instructions, her failure to seek mental health treatment, and the "essentially normal" mental health evaluation by Dr. Yocum. This cursory review of daily habits and conclusory summary of a consulting physician's examination does not constitute a clear articulation of the reasons for rejecting Dr. Stedman's opinions.

      The ALJ's decision does not demonstrate that Dr. Stedman's opinions are not bolstered by the evidence or inconsistent with her own treatment notes. The ALJ does not address the treatment notes at all and does not analyze how performing daily activities and following instructions are probative of a diagnosis of schizophrenia. Additionally, Plaintiff's delay in seeking mental health treatment is hardly probative of whether she is impaired by a mental illness. *See Boulis-Gasche v. Comm'r of Social Sec.*, 451 Fed. Appx. 488, 493 (6th Cir. 2011) ("[A] claimant's failure to seek formal mental health treatment is hardly probative of whether the claimant suffers from a mental impairment . . . ."); *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) ("Appellant may have failed to seek psychiatric treatment for his mental condition, but it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.").

      The ALJ's reliance on Dr. Yocum's November 30, 2009 evaluation is likewise unfounded. Dr. Yocum concluded that Plaintiff suffered from Major Depressive Disorder and Posttraumatic Stress Disorder (R. 247). To characterize Plaintiff's mental state at this evaluation as "essentially normal" is unreasonable. Dr. Yocum did not conclude that Plaintiff was *not* schizophrenic. Rather, she concluded that Plaintiff presented with conditions and symptoms that are *consistent* with schizophrenia. *See Kapitan v. Apfel*, 176 F.3d 488, 1999 WL 191107, at *2 (10th Cir. 1999) (discussing the symptoms of schizophrenia).[2]

---

[2] In *Kapitan*, the Tenth Circuit described schizophrenia's symptoms in the following manner:

> Simple schizophrenia is a psychosis "characterized by withdrawal, apathy, indifference, and impoverishment of human relationships." STEDMAN'S MEDICAL DICTIONARY 3190 (25th ed. 1990). To diagnose schizophrenia, a doctor should observe at least two of the following characteristic symptoms during a one-month period: delusions, hallucinations, disorganized speech, grossly disorganized or catatonic behavior, and negative symptoms. *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (DSM-IV) 273 (4th ed. 1994). The term "delusions" includes distortions or exaggerations of inferential thinking and erroneous beliefs that usually involve a misinterpretation of perceptions or experiences. *See id.* at 274-75. The DSM-IV lists the three basic negative symptoms of schizophrenia as: affective flattening, alogia (poverty of speech characterized by brief, empty replies), and avolition (the

Moreover, the ALJ did not address medical evidence evincing symptoms consistent with schizophrenia, including Dr. Stedman's medical notes suggesting depression and paranoia (R. 656, 658, 661). The ALJ mentioned the Personality Assessment Inventory performed by Leslie C. Morey, Ph.D. (R. 20), but failed to discuss the fact that the PAI reflects a high correlation between Plaintiff's scores and schizophrenia, which buttresses Dr. Stedman's diagnosis. The ALJ also failed to address other pieces of evidence, including (1) the psychiatric evaluation by Dr. Suman Baht, which concluded that Plaintiff suffered from depressive disorder and PTSD (R. 341); (2) medical notes from Tampa General Hospital indicating that Plaintiff was diagnosed as bipolar and depressed (R. 275); and (3) more medical notes from Tampa General Hospital indicating that Plaintiff presented with symptoms of mental illness including anxiety, stress, and hallucinations (R. 278). While the ALJ need not account for every piece of evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005), his failure to address relevant medical evidence is error. *Phillips*, 357 F.3d 1232, 1238-39 (11th Cir. 2004) (ALJ must determine a claimant's RFC by considering all relevant medical evidence).[3]

---

inability to initiate and persist in goal directed activities marked by long periods of sitting and little interest in participating in work or social activities). *See id.* at 276-77. Anhedonia (loss of interest or pleasure) and dysphoric mood (depression, anxiety, or anger) are also common manifestations of schizophrenia. *See id.* at 279.

*Kapitan*, 1999 WL 191107, at *2.

[3]Also troubling is the "great weight" the ALJ afforded to the one-line opinion of Dr. Maya Guglin "that the claimant was alert and oriented times 3, in no acute distress, and very pleasant" (R. 20, 345). The ALJ appears to utilize this opinion in direct competition with that of Dr. Stedman, as evidence of Plaintiff's affect and lack of mental health impairment. Dr. Guglin is Plaintiff's treating cardiologist, not a psychologist or a psychiatrist. Usually, "[e]ven if the treating physician is not providing treatment for the patient's mental impairment, [her] opinion as to the combined impact of the claimant's limitations–both physical and mental–is entitled to special weight." *Allison v. Astrue*, 425 Fed. Appx. 636, 639 (9th Cir. 2011) (internal quotations omitted). However, a treating physician's opinion on a matter is entitled to little, if any, weight if he "offers an opinion on a matter not related to her or his area of specialization, and presents no support for her or his opinion on the matter." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.2 (9th Cir. 2001) (citing 20 C.F.R. § 404.1527(d)(3), (d)(5)).

The ALJ's ultimate conclusion as to residual functional capacity could be supported by substantial evidence, but the process in reaching that conclusion was flawed. Remand is required for the ALJ to rectify his failure to "clearly articulate" the substantiating reasons for finding "good cause" to reject Dr. Stedman's opinion. If the ALJ again decides to discount Dr. Stedman's opinions, he must apply the § 404.1527(c) factors to determine the appropriate weight. On remand, the ALJ may be assisted by further development of the record on the issue of Dr. Stedman's diagnosis of schizophrenia.[4]

Plaintiff's remaining arguments have been thoroughly evaluated and are without merit.

Accordingly,

1) Plaintiff's objections are **SUSTAINED** *in part* and the Report & Recommendation (Dkt. 24) is **ACCEPTED** *in part* and **MODIFIED** *in part*.

2) The decision of the Commissioner is **REVERSED** and this matter is **REMANDED**.

3) The Clerk is directed to **ENTER** final judgment in favor of Plaintiff and to **CLOSE** the file.

**DONE AND ORDERED** this 27th day of September, 2013.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

---

[4] The ALJ should be careful not to substitute his own "intuition for the diagnosis of a medical professional." *Marbury*, 957 F.2d at 840-41.